

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_(signature)_

**United States Bankruptcy Judge**

**Signed November 10, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASPER CALHOUN ROWE, | § | CASE NO. 11-35428-HDH-13 |
| | § | |
| DEBTOR. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ON DEBTOR'S MOTION TO REINSTATE [DE # 26]

Came on for hearing on October 27, 2011 (the "Hearing"), the Motion for Reconsideration of Dismissal of Debtor Case for Failure to Complete Required Debt Counseling Prior to Filing of Bankruptcy Action (the "Motion to Reinstate") [DE #13] filed by Jasper Calhoun Rowe (the "Debtor"), *pro se*.  The Debtor appeared at the Hearing, as well as Tom Powers, the Standing Chapter 13 Trustee (the "Trustee").

The court makes the following findings:

1.   The Voluntary Bankruptcy Petition ("Petition") in this case was filed at 9:24 a.m. on August 31, 2011.  The Debtor filed the Petition in person at the Bankruptcy Clerk's Office.  Along

with the Petition, the Debtor filed a Certificate of Counseling (the "First COC") [DE #5], seemingly indicating that someone received credit counseling (pursuant to Section 109(h) of the Bankruptcy Code) at "8:00 o'clock a.m. CDT" on August 31, 2011. The "someone" was not identified-the Debtor's name was not shown on the First COC and it appears that "white-out" had been used to alter the document (to conceal a previously typed in name). There were other irregularities with the First COC, including different type font at the date blanks than in other blanks.

2.    On September 1, 2011, the Hon. Harlin D. Hale entered an Order Dismissing Case for Failure to Obtain Credit Counseling During the 180-Day Period Preceding the Date of the Filing of the Petition (the "Dismissal Order") [DE #8].  Paragraph 1 of the Dismissal Order states:  ". . . a certificate was filed on August 31, 2011 – certificate incomplete and duplicate of certification number in another case, indicating that the debtor(s) obtained credit counseling on no proof of valid certificate."  Based on this fact, the Debtor's case was dismissed.

3.    Eleven days later after the dismissal of his case, on September 12, 2011, the Debtor filed the Motion to Reinstate, along with a new Certificate of Counseling (the "Second COC") [DE # 15], which appears to show that the Debtor received credit counseling from Consumer Credit Counseling Service of Greater Dallas, Inc. at "9:11 o'clock a.m. CDT" on August 31, 2011 by

Internet and Telephone. *See* DE # 15. If accurate, this means the Debtor would have received Credit Counseling (by Internet and Telephone) just 13 minutes prior to being physically present and filing his Petition at the Bankruptcy Clerk's Office.

4. A hearing on the Motion to Reinstate was set for a pre-hearing conference at 8:30 a.m. on October 27, 2011, at the Chapter 13 Trustee's office. The matter was unresolved at the pre-hearing conference, and the Hearing was held before the court at 2:00 p.m. that same day.

5. At the Hearing, the court began by questioning the Debtor about the First COC that was filed on August 31, 2011, and which appeared to be an altered document. The Debtor stated that the document was a "placeholder" and that it was inadvertently filed. The Debtor also stated that the Second COC was the true one and, when questioned how he could have received credit counseling just 13 minutes before being in the Bankruptcy Clerk's Office, the Debtor gave inconsistent testimony regarding when he had actually received the counseling. The court did not find the Debtor's statements to be credible.

6. Additionally, the Trustee stated (and the court agreed) that the Debtor's schedules appeared to be incorrect/incomplete and did not make sense. The Trustee also stated that, based upon his review of the paperwork filed in the case, the Plan would not be feasible. The Trustee further stated that if the case was

reinstated, he would file a motion to dismiss for serial filing (since the Debtor's wife had also filed two previous cases and both had been dismissed).

7.   The Trustee further noted that in the Debtor's Schedule I [DE #16], filed September 14, 2011, the Debtor lists his occupation as "Retired Attorney."  The Debtor confirmed to the court that he formerly was an intellectual property lawyer.

8.   Based on this evidence, the court finds that the Debtor's schedules are very inadequate and that this case is in no position to go forward.  Further, since the Debtor was an attorney, he must be held to a higher standard with regard to the irregularities surrounding the certificates of credit counseling. The court encourages the Debtor to retain an attorney who specializes in bankruptcy, should the Debtor seek any further relief under the Bankruptcy Code.

Based on the foregoing, the court concludes that the Motion to Reinstate case must be denied and has issued an order memorializing such ruling.  *See* DE # 26.

**IT IS SO ORDERED.**

**###END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW###**